NEW-YORK,
May, 1829.

Masten
v.
Deyo.

---

## MASTEN *vs.* DEYO.

In an action for a *malicious prosecution*, the jury ought to be instructed by the judge as to the law involved in the question of probable cause, i. e. what constitutes a legal

THIS was an action of *slander* and for *malicious prosecution*, tried at the Orange circuit, in October, 1827, before the Hon. JAMES EMOTT, one of the circuit judges.

The declaration contained eight counts in slander, and one for malicious prosecution in procuring the plaintiff to be indicted for perjury. The plea was the general issue. The speaking of the words charged was proved, and evidence in

excuse for the defendant ; and whether the facts relied on in the defence, on the supposition of their being found true by the jury, made out a *probable cause*.

Where the circumstances relied on as evidence of probable cause are admitted by the pleadings, it belongs to the court to pronounce upon them ; and where they are clearly established by uncontroverted testimony, or by the concession of the parties, and fully establish a probable cause, the court may refuse to submit the cause to the jury, and may order the plaintiff to be nonsuited.

If, however, the facts are controverted, if conflicting testimony is to be weighed, or the credibility of witnesses to be passed upon, the evidence must go to the jury, but still under the instruction of the judge as to the law of the case.

support of the count for a malicious prosecution was given.
Testimony was introduced by the defendant to shew a prob-
able cause for the prosecution complained of as malicious,
which was rebutted by evidence on the part of the plaintiff.
The testimony on this point was conflicting, and the credibi-
lity of witnesses came in question. The parties having rest-
ed, the counsel for the defendant insisted that the question of
probable cause was a question of law for the court to decide,
and asked the judge to charge the jury that the plaintiff was
not entitled to recover on his count for a malicious prosecu-
tion. The judge charged that as to the count for a malicious
prosecution, he was inclined to believe there was evidence
enough given of probable cause to protect the defendant, but
that it was the province of the jury to decide upon it under
the evidence given, and if there was not sufficient evidence,
to take it into consideration in their verdict; and as to the
other counts, he left it to the jury to give such damages as
they thought proper under the circumstances of the case.
The jury found a general verdict for the plaintiff, with $200
damages.

*J. Sudam,* for defendant, moved to set aside the verdict,
and for a new trial. He cited 7 *Cowen,* 715; 8 *id.* 141; 1
*Wendell,* 140, 345.

*A. D. Soper,* for plaintiff.

*By the court,* MARCY, J. The only question presented by
this case is, whether the judge, at the trial, should not have
decided that probable cause for the prosecution complained
of was shewn, and not have left that question as he did for
the jury to pass upon, without other instruction from him
than the remark, that he was inclined to believe there was
evidence enough given of probable cause to protect the de-
fendant. It is alleged, on the part of the defendant, that the
judge erred in assigning to the jury the province of passing
upon the evidence in relation to the probable cause. To
sustain a count for malicious prosecution, it is not sufficient
to shew that the defendant has acted maliciously in carrying
on the prosecution against the plaintiff, but it must further
appear that it was instituted without probable cause. Wheth-

er there was malice or not is a question conceded to the jury ; but whether there was probable cause or not is said, on the part of the defendant, to be a matter exclusively for the court, and as such the judge should have disposed of it on the trial.

In the cases of *Burlingame* v. *Burlingame,* (8 *Cowen,* 142,) and *Murray* v. *Long,* (1 *Wend.* 140,) the judges at the circuits granted nonsuits because probable cause was shewn ; and when these decisions came before this court, they were upheld and sanctioned ; but it is not, I apprehend, to be thence inferred that the question of probable cause, in an action for a malicious prosecution, belongs exclusively to the judge at the circuit to determine. It is a common occurrence for judges at the circuit to decide, on the trial of a cause, that the plaintiff has failed to make out his cause of action, and to order a nonsuit ; and this court, when the causes come here, often confirm these decisions : but it is nevertheless, beyond all dispute, the province of the jury to try issues of fact, and their rights are uninvaded and unimpaired by these decisions. If the testimony, uncontradicted and viewed in the most favored light, would not authorize a verdict for the plaintiff, a judge is not obliged to submit the cause to a jury ; but he may, and it is generally conceded he should, order a nonsuit. If, in the exercise of this duty, a judge withholds from the jury a cause that should have been submitted to them, this court always interferes and orders a new trial. If the plaintiff's testimony is not sufficient to support the issue, and the judge does not grant a nonsuit, but submits the cause to the jury, this court does not order a new trial because the judge did not nonsuit the plaintiff ; but if the verdict is for him, it may be set aside because it is found without or against evidence.' This recurrence to the practice at *nisi prius,* in ordinary cases, will aid in correcting the misapprehensions in relation to the law as applicable to actions for malicious prosecutions. If a party prosecutes another on a criminal charge, it is a rule of law arising from considerations of convenience, justice, and even necessity, that the prosecutor shall be protected in so doing, however maliciously he may have acted, provided he had

probable cause for preferring the charge. (*Starkie's Ev.* NEW-YORK,<br>May, 1829.
*pt.* 4, 911, 912, *and the cases there cited.*) In such actions,
the question of probable cause is all-important; and before Masten<br>v.<br>Deyo.
the plaintiff can recover, it must appear substantively and ex-
pressly that the prosecution which he complains of as mali-
cious was without probable cause. It is not enough for him
to shew an acquittal from the prosecution, but it must be
made to appear by some positive evidence arising out of the
circumstances, that the prosecution was groundless. Malice
will sometimes be inferred from the want of a probable ex-
cuse for the prosecution, but this want of excuse will never
be inferred from the most express malice. (1 *T. R.* 544.
9 *East*, 361, 3.) It is conceded on all hands that the ques-
tion of probable cause is a mixed question of law and fact;
and it would seem necessarily to result, that the jury are to
say whether the circumstances relied on to shew probable
cause really existed; and the court are to decide, if they did
exist, whether they constituted probable cause. A judge,
therefore, who should assume the right to determine the
whole question to the exclusion of the jury, would encroach
upon their province.

It is contended by the defendant in this case, and the gen-
eral proposition is laid down in several elementary treatises,
and in some reports, as a well established rule of law, that
the judge, and not the jury, is to determine whether the de-
fendant had probable cause. (*Bull. N. P.* 14. *Starkie's
Ev. pt.* 4, 912.) It being, as all admit, a mixed question of
law and fact, this general denial of the right of the jury to
participate in its decision would establish an exception to that
great and salutary principle which lies at the foundation of
the right of trial by jury; *ad quæstiones facti non respondent
judices; ad quæstiones legis non respondent juratores.*

In this light the court of appeals in Virginiavie wed the
decision in the case of *Crabtree* v. *Horton,* (4 *Munf.* 59,) in
which the court below, acting upon the rule urged upon us
by the defendant in this case, had assumed to itself the entire
disposition of the question as to probable cause. The presi-
dent of the court, in giving his opinion in that case, says, the
court below invaded the province of the jury in relation to the

weight of testimony and the credibility of witnesses, in hav-
ing decided that probable cause was proved to exist at the
time the appellee commenced the suit in the declaration
mentioned, without having the *facts* on which such question
depended *agreed* by the pleadings, or *submitted* to the court
by the parties or the jury.    This opinion was in effect reiter-
ated in the case of *Maddox* v. *Jackson*, (4 *Munf.* 462.) The
court of Tennessee divided on the question whether proba-
ble cause was to be passed on by the jury or decided by the
court.  (*Kelton* v. *Bevins*, *Cooke's Rep.* 90.)  Several recent
decisions in the English courts shew that the law is not there
understood as contended for by the defendant.  In *Brooks* v.
*Warwick*, (2 *Starkie's R. Am. ed.* 342,) Lord Ellenborough
left it to the jury to determine whether, under all the circum-
stances, there was probable ground for making the charge.
A similar course was taken in the case of *Isaacs* v. *Brand and
others*, (2 *Stark. Rep.* 167.)

From a consideration of the authorities on this subject,
they seem to me to establish a rule which in no respect
tends to confound the acknowledged functions of judges and
jurors.   Where the circumstances relied on as evidence of
probable cause are admitted by the pleadings, it belongs to
the court to pronounce upon them ; and where these cir-
cumstances are clearly established by uncontroverted testi-
mony, or by the concession of the parties, and they fully es-
tablish a probable cause, the court may refuse to submit the
cause to the jury, and order the plaintiff to be nonsuited ;
but this, I conceive, is done upon the same principle that a
judge at *nisi prius* decides, in ordinary cases, that the plaintiff
has not shewn enough to carry his cause to the jury, and not
that it is a question not falling within the province of the jury.
But nonsuits should only be granted in cases where there is
nothing for the jury to pass upon, where there is *no evidence*
of a want of probable cause, or where probable cause is so
clearly established that if the cases had been submitted to
the jury, and they had found verdicts for the plaintiffs, this
court would, on application for that purpose, set them aside
as verdicts found without or against evidence.

NEW-YORK,
May, 1829.

Masten
v.
Deyo.

If, however, the facts are controverted, if in any wise the weight of conflicting testimony is to be ascertained, or the credibility of witnesses estimated, the evidence must go to the jury.

I believe the views here taken do not conflict with those decisions of this court which are cited as conclusive authorities for the defendant. In the case of *McCormick* v. *Sisson*, (7 *Cowen*, 715,) the judge at the circuit submitted to the jury upon the evidence whether there was probable cause ; and when the case came here, this court said he erred in that particular. The case of *Pangburn* v. *Ball*, (1 *Wendell*, 345,) came up from the common pleas of Albany county. The court below charged the jury that if, from the testimony before them, they should be of opinion that the prosecutions before the justice were malicious and without probable cause, and that the defendant knew the facts to be so before and at the time of such prosecutions, they ought to find damages for the plaintiff, otherwise they should find the defendant not guilty. Woodworth, J., speaking in reference to this charge, says, " The court erred in submitting both the *law* and the *fact* to the jury." If these decisions have been supposed to support the rule of law in a general application to actions for a malicious prosecution, that the court, without the jury, must decide upon questions of probable cause, I apprehend they have been misunderstood. They do not disapprove of *submitting* such questions to the jury, but they condemn the *manner* in which they were submitted. They by no means imply that the court ought to assume the province of the jury and pass upon the facts, in case facts are in dispute ; but they disapprove of the surrender by the court of its own function—the exercise of the right to pronounce the law to the jury. For this error (the omission by the court to instruct the jury on the law) the defendant has a right to ask a new trial. The case of *Ulmer* v. *Leland*, (1 *Greenleaf's Rep.* 135,) was very similar to the present ; and the exposition of the law on this subject by the court appears to me to be very correct, and directly applicable to the question before us. The cause was tried before Ch. J. Parker, before the

separation of Maine from Massachusetts, and his decision was reviewed by the superior court of the former state. The chief justice left it to the jury to decide, as a matter of evidence, whether probable cause was fully made out or not. In relation to this point, the court say, that the defendant having insisted that the jury ought to be instructed as a matter of law that probable cause was fully made out, it was the duty of the judge to have stated his opinion distinctly to the jury, whether probable cause was or was not established if the evidence introduced by the defendant proved to their satisfaction the truth of the facts upon which he relied. As it did not appear that the judge gave any instructions to the jury upon the question of law involved in that case, the court for that reason granted a new trial.

The defendant in this case took a position somewhat similar, though he probably asked of the judge at the trial more than was proper for him to grant; but I think the judge erred in not giving the defendant the benefit of his exposition to the jury, of the law relative to what constituted probable cause in an action for a malicious prosecution. He should not have taken the cause from the jury, if there was the least doubt as to the existence of the circumstances alleged as the probable ground of the criminal proceedings against the plaintiff; but he ought to have instructed them as to the law involved in the question, and as to what constituted a legal excuse for the defendant, and also whether the facts relied on in the defence, on the supposition that they should be found true by them, made out a probable cause. It was the defendant's right to have the jury instructed in their duty by the opinion of the court upon the question of law. This was not done; on the contrary, it would seem that both the law and the fact were left, without any instruction from the judge, at the entire disposition of the jury.

New trial granted.