WEAVER vs. TOWNSEND.

In an action on the *case* for a *malicious prosecution*, in causing the plaintiff to be arrested on a charge for *feloniously* taking property, it is sufficient evidence of *want of probable cause*, that the party making the complaint *knew* that the other party claimed and had at least a *prima facie* right to the property.

ERROR from the Yates common pleas.  Weaver sued Townsend in an action on the *case* for a *malicious prosecution*, in causing him to be arrested on a warrant issued by a justice on a charge of felony, from which arrest he was discharged by the justice after an examination of the complainant.  On the trial, the following facts appeared: In May, 1832, two persons of the names of Green and Finley, being indebted to the plaintiff, turned out to him a pair of horses as security for the payment of the debt they owed him— the plaintiff to have the right to take them when he pleased, and to keep them until his demand was satisfied.  Weaver subsequently possessed himself of the horses.  In September, 1832, the defendant preferred a complaint to the grand jury of Yates, charging the plaintiff with having feloniously taken the horses.  The witness present at the turning out of the horses to the plaintiff by Green and Finley, was sworn before the grand jury, and testified to the facts in relation to the same.  What was done by the grand jury does not appear.  In March, 1833, the defendant preferred a new complaint to a justice of the peace, charging the plaintiff with having feloniously taken from his possession one horse, which formerly belonged to Green and Finley.  The justice issued a warrant, upon which the plaintiff was arrested; and on the plaintiff being brought before the justice, he examined the defendant

as to the truth of the charge, and from such examination was satisfied that the complaint was without foundation, and accordingly discharged the plaintiff. It further appeared that in May, 1833, Green and Finley told a third person, one Sloan, that they had made over their property to the defendant. Sloan saw the defendant, who informed him that he had a bill of sale of the horses; Sloan told him that the plaintiff had a claim upon them, but the defendant said that his own title to the horses was good, and that he should hold on to them. A conversation was had between the plaintiff and defendant respecting the horses, which were then in the possession of the plaintiff. The defendant urged his claim to them, and the plaintiff told him he would try titles with him. The time of this conversation is not shown. It also appeared that a writ of replevin had been sued out by the defendant for the obtaining of the horses, that the sheriff could not find them, and returned the writ to the defendant. The plaintiff had sent one of the horses to his father's place, who resided in a town different from that in which the plaintiff resided. On this evidence, the defendant moved for a nonsuit, on the ground that the plaintiff had failed in showing *a want of probable cause.* The common pleas of Yates *nonsuited* the plaintiff, who sued out a writ of error.

*C. P. Kirtland,* for plaintiff in error.

*S. Stevens,* for defendant in error.

*By the Court,* NELSON, J. The only question in this case is, whether in judgment of law there was sufficient evidence of the *want of probable cause,* which constitutes an indispensable ingredient to the maintenance of this action. Where there is no dispute as to the facts, the question of probable cause or not is one of law; when the facts are controverted, they should be submitted to the jury, with proper instructions as to the law.

We are to assume all the facts bearing upon this point to be true, for it must have been upon that supposition only that

ALBANY,
October, 1835.

Weaver
v.
Townsend.

the court below made their decision. They had no right to weigh the evidence, and reject or retain parts of it at discretion. 2 *Wendell*, 442. 6 *id.* 418. 7 *Cowen*, 715. The bill of exceptions is somewhat obscurely made up; but as it appears before us, there cannot be a reasonable doubt upon the point. The defendant could not have been ignorant of the exact situation of the property, and the claims of the plaintiff to it, if he possessed common understanding at the time he made the complaint before the magistrate, charging a felonious taking of it. This was in March, 1833, and must have been before the 25th, as the declaration in this cause is captioned of that date.

A member of the grand jury of the county of Yates, in a session in September, 1832, proved that a complaint was preferred by the defendant against the plaintiff for feloniously taking a pair of horses which had belonged to Green and Finley. The defendant was sworn on that occasion. Another witness was also sworn, who testified before that body that the horses had been turned out to the plaintiff by Green and Finley previous to the transfer to the defendant. Now, as early at least as September, 1832, the defendant must have been in possession of the facts in regard to the plaintiff's title to these horses, because it is but reasonable to infer that he interested himself enough in the complaint thus preferred to ascertained the result of it, and the facts upon which it was arrived at. There are no objections to the grand jury or any member of it disclosing thus much of what transpired before them. The charge subsequently preferred before the magistrate in March, and upon which the warrant issued, and which is the malicious prosecution complained of, was, as I understand it, for one of these same horses. Again: it appears from the magistrate's testimony, that one reason why he discharged the plaintiff when brought before him was, because the defendant, on the examination, testified that a dispute existed between him and the plaintiff as to the property in the horse; and, I infer from the language, that it appeared from the defendant's own testimony on that occasion, that the dispute existed before the complaint was made. Another witness proves a dispute between these parties as to the

horses, though there is some obscurity as to the time. It was soon after the witness heard of the failure of Green and Finley; but when that took place, does not appear.

Upon the whole, I cannot entertain a doubt that the court below erred in ruling there was no evidence of *want of probable cause*, and in nonsuiting the plaintiff. The judgment must therefore be reversed.

Judgment reversed.