Hall *v.* Suydam.

———————◆———————

SAME TERM.    *Before the same Justices.*

HALL *vs.* SUYDAM.

To sustain an action for a malicious prosecution, the plaintiff must show that the prosecution originated in the malice of the defendant, without probable cause.

Proof of express malice is not enough, without showing also the want of probable cause.

What amounts to probable cause.

The question of probable cause does not turn on the actual guilt or innocence of the accused, but upon the belief of the prosecutor, concerning such guilt or innocence.

The want of probable cause cannot be inferred from express malice, but malice may be implied from the want of probable cause.

The question of probable cause is a mixed question of law and fact. Whether the circumstances alleged, to show probable cause, or the contrary, are true, and existed, is a matter of fact; but whether, supposing them true, they amount to a probable cause, is a question of law.

Where there is a conflict of evidence, and the credibility of evidence is to be passed upon, it is proper for the judge to submit it to the jury to find whether the facts relied on as evidence of probable cause, or of the want of probable cause, are true. And, if requested by the defendant's counsel, it is the duty of the judge to state to the jury his opinion, distinctly, whether probable cause is or is not established, if they find the truth of the facts relied on by the defendant as evidence of probable cause.

If a party lays the facts of his case fully and fairly before counsel, and acts, in good faith, upon the opinion given him by such counsel, (however erroneous that opinion may be,) it is sufficient evidence of a probable cause, and is a

good defence to an action for a malicious prosecution, or for a malicious arrest.

But in such a case it is properly a question for the jury whether such party acted bona fide on the opinion given him by his professional adviser, believing that the plaintiff was guilty of the crime of which he was accused, or that he had a good cause of action against the plaintiff.

Good faith merely, in making a criminal charge against another, is not sufficient to protect the party from liability. There must be a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person charged was guilty of the crime of which he was accused, to make out such a probable cause as will be a defence to an action for a malicious prosecution.

. THIS was an action against the defendant for a malicious prosecution. The suit was tried before Justice WILLARD, at the Saratoga circuit, in August, 1848. On the trial it appeared that the defendant, on the 1st of May, 1846, made a complaint on oath, against the plaintiff, before a justice of the peace, for stealing his wagon. The plaintiff was arrested on this charge and brought before two magistrates; when an examination was had. And after witnesses were examined against and in behalf of the plaintiff, he was discharged. Evidence was introduced on the trial, by the plaintiff, tending to show that the charge was made against him without probable cause. And evidence was given by the defendant for the purpose of showing probable cause. It appeared that the plaintiff was not discharged by the magistrates until after he had introduced evidence to controvert the charge against him. One of the justices testified that according to his recollection they, at the close of the testimony in support of the prosecution, denied a motion made for the plaintiff's discharge, and held that a prima facie case had been made out against him. It appeared that the plaintiff took the wagon from the defendant's yard, in the day time, claiming it as his own, under a bill of sale to him from his brother, Calvin Hall. The defendant was told, before making the complaint, that the plaintiff had taken the wagon and claimed it under this bill of sale. It was proved that previous to the complaint the defendant said he had sold the wagon to Calvin Hall. The defendant purchased the wagon from one Moon, and paid part of the purchase money, and Calvin Hll

Hall *v.* Suydam.

afterwards paid the residue. The bill of sale from Calvin Hall to the plaintiff was proved. In March or April, 1846, Calvin Hall applied to the defendant to purchase the wagon from him, but did not make the purchase. It was proved that the defendant took the advice of counsel in relation to the complaint against the plaintiff; and that the counsel applied to, advised the defendant to take out a criminal warrant against the plaintiff. It appeared that the defendant made the statement of the facts to such counsel; but omitted to inform him of the bill of sale from Calvin Hall to the plaintiff. The defendant told such counsel that the plaintiff, on the day he took the wagon, sent word to him that he had taken it. The plaintiff, on the 5th of May, resold the wagon to Calvin Hall. Considerable evidence was given on both sides on the subject of probable cause for making the criminal charge against the plaintiff. And some evidence was given by the defendant tending to show that the sale from Calvin Hall to the plaintiff was collusive. The defendant testified, before the magistrates, that the wagon belonged to him, and that it had been taken away from his father's yard. The justice charged the jury that the action could not be sustained without showing the absence of probable cause, in addition to proof of express malice; that the question of probable cause did not turn on the actual guilt or innocence of the accused, but upon the belief of the prosecutor concerning such guilt or innocence. And he referred to the case of *Foshay* v. *Ferguson*, (2 *Denio*, 617,) by way of illustration of the principles of the action, and stated the same to the jury as declared by Judge Bronson in that case. The justice also charged the jury that if the defendant, in making the complaint before the magistrate, acted upon the advice of counsel, given upon a full and fair statement of the facts within his knowledge, that would be a defence to the action. The defendant excepted to the charge generally; and requested the justice to charge as follows:
1. If the jury believed, from the evidence, that the defendant acted in good faith in taking out the warrant, it was a defence.
2. If the jury believed that the defendant acted bona fide in taking out the warrant, on the advice of counsel, upon a full

Hall *v.* Suydam.

and fair statement of the facts, that was a defence. 3. If the jury believed the wagon belonged to the defendant and the plaintiff took it without the defendant's consent, that was probable cause, and a defence. 4. If the plaintiff acted in bad faith in taking the assignment from his brother, of the wagon, knowing that his brother had no title to it, that was a defence. 5. If the jury believed, from the evidence, that the transfer from Calvin Hall to the plaintiff was a contrivance to get the wagon out of the defendant's possession, that was a defence. 6. That the evidence of probable cause was a question for the jury. 7. That probable cause was a fact for the jury. The justice remarked that his charge covered the whole ground, and he refused to modify his charge as requested, and the defendant excepted to such decision.

*W. A. Beach*, for the plaintiff.

*J. Brotherson*, for the defendant.

*By the Court*, Paige, P. J. To sustain an action for a malicious prosecution, the plaintiff must show that the prosecution originated in the malice of the defendant, without probable cause. Proof of express malice is not enough, without showing also the want of probable cause. Probable cause has been defined, a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief, that the person accused is guilty of the offence with which he is charged. (2 *Denio*, 619. 3 *Wash. C. C. Rep.* 37.) Although the plaintiff is entirely innocent, if the defendant shows he had reasonable grounds for believing him guilty, at the time the charge was made, the action can not be sustained. The question of probable cause does not turn on the actual guilt or innocence of the accused, but upon the belief of the prosecutor concerning such guilt or innocence. (*Foshay* v. *Ferguson*, 2 *Denio*, 619. 2 *Phil. Ev.* 253.) The want of probable cause cannot be inferred from express malice, but malice may be implied from the want of probable cause. (2 *Phil.*

*Ev.* 256, 257.   2 *Wend.* 427.)   The question of probable cause is a mixed question of law and fact.   Whether the circumstances alleged, to show probable cause, or the contrary, are true, and existed, is a matter of fact; but whether, supposing them true, they amount to a probable cause, is a question of law. (2 *Phil. Ev.* 255, 256.   1 *Wend.* 352.)   Where the circumstances relied on as evidence of probable cause are admitted by the pleadings, it belongs to the court to pronounce upon them; and where these circumstances are clearly established by uncontroverted testimony, or by the concession of the parties, and they fully establish a probable cause, the court may refuse, to submit the cause to the jury, and order the plaintiff to be nonsuited. (2 *Wend.* 428, *Masten* v. *Deyo, per Marcy, J.)*   If, however, the facts are controverted, if in any wise the weight of conflicting testimony is to be ascertained, or the credibility of witnesses estimated, the evidence must go to the jury.   (2 *Wend.* 429, *per Marcy, J.)*   Where the facts relied on as evidence of probable cause are controverted, it is the duty of the judge to state his opinion distinctly to the jury, whether probable cause is or is not established, if the evidence introduced by the defendant proves to their satisfaction the truth of the facts on which the defendant relies.   (2 *Wend.* 430.)   The defendant has a right to call upon the judge to instruct the jury as to the law involved in the question of probable cause, and whether the facts relied on in the defence, on the supposition that they should be found true by them, made out a probable cause.   (2 *Wend.* 430.)   In *Pangburn* v. *Bull,* (1 *Wend.* 345,) and in *McCormick* v. *Sisson,* (7 *Cowen,* 718,) it was held to be error for the judge to submit the question to the jury. whether there was probable cause, without instructing them whether the facts relied on, if true, made out a probable cause.   Submitting to the jury the question whether there was probable cause or not was regarded, in these cases, as submitting both the law and the fact to the jury. (6 *Wend.* 421.   17 *Id.* 227.)   In *Masten* v. *Deyo,* (2 *Wend.* 425,) the defendant insisted that the question of probable cause was a question of law, for the court to decide; and asked the judge to charge the jury, that the plaintiff was not entitled to

Hall *v.* Suydam.

recover. The judge charged the jury that it was their province to decide, whether there was sufficient evidence of probable cause. The supreme court held that this was a misdirection, and granted a new trial. In *Ulmer* v. *Leland,* (1 *Greenl. Rep.* 135,) a like request was made to the presiding judge, and a like charge was made, and the superior court of Maine held the charge to be erroneous, and granted a new trial.

If a party lays the facts of his case fully and fairly before counsel, and acts in good faith, upon the opinion given him by such counsel, (however erroneous that opinion may be,) it is sufficient evidence of a probable cause, and is a good defence to an action for a malicious prosecution, or for a malicious arrest. But in such a case it is properly a question for the jury whether such party acted bona fide on the opinion given him by his professional adviser, believing that the plaintiff was guilty of the crime of which he was accused, or that he had a good cause of action against the plaintiff. (*Ravengol* v. *Mackintosh,* 2 *Bar. & Cress.* 691.) In *Pangburn* v. *Bull,* (1 *Wend.* 352,) which case came up by writ of error from the Albany common pleas, although the supreme court held that the common pleas erred in submitting to the jury the question of probable cause, that court nevertheless affirmed the judgment of the court below because it appeared, on the face of the bill of exceptions, that from the facts undisputed at the trial there was a want of probable cause. Woodworth, J. in that case says, "the verdict ought not to be set aside for the error of the court below in this respect, because this court are called on to pronounce on that question; and if they see that the jury have not erred in point of law, although the charge was erroneous, no injury has been done to the defendant below of which he has a right to complain."

In this case there was conflicting evidence, and the credibility of witnesses was to be passed upon. It was proper, therefore, for the learned justice to submit it to the jury to find whether the facts relied on as evidence of probable cause, or of the want of probable cause, were true. And if he had been requested by the defendant's counsel, it would have been his duty to state to the jury his opinion, distinctly, whether probable cause was or

Hall *v.* Suydam.

was not established, if they found the truth of the facts relied on by the defendant as evidence of probable cause. This request, however, the defendant's counsel omitted to make; but on the contrary requested the justice to charge the jury that the question of probable cause was a question of fact, to be decided by them. If the attention of the learned justice had been called to the well settled principle that the question of probable cause was a mixed question of law and fact, he would undoubtedly have distinctly left to the jury alone to find the truth of the facts relied on as evidence of probable cause, and would have declared his opinion to them, whether such facts, if found by them to be true, amounted to probable cause, or not. The exception to the charge is too general, to allow the defendant now to object that the justice did not state his opinion to the jury whether the facts relied on by the defendant, if true, amounted to a probable cause. The other parts of the charge are altogether unobjectionable. The defendant's counsel requested the justice to charge the jury that if the jury believed the defendant acted in good faith in taking out the warrant, it was a defence. The justice substantially so charged. He charged that the question of probable cause depended not on the actual guilt or innocence of the plaintiff, but on the belief of the prosecutor concerning such guilt or innocence. This was in effect saying that the defendant was not liable in this action if he acted in good faith in taking out the warrant. But good faith merely is not sufficient to protect the defendant from liability. There must be a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the plaintiff was guilty of the crime with which he was charged, to make out such a probable cause as will be a defence. Good faith merely may be based on mere conjecture, on unfounded suspicion—supported by no circumstances. The charge was in strict conformity to the second request. If the wagon did belong to the defendant, and the plaintiff took it without the defendant's consent, that may have been a mere trespass; and to charge that that was a defence would have been a misdirection. It would also have been a misdirection if

the justice had charged as requested in the 4th and 5th requests of the defendant. If the plaintiff did act in bad faith, in taking the assignment of the wagon from his brother, knowing that his brother had no title to it ; or if the transfer from Calvin Hall to the plaintiff was a contrivance to get possession of the wagon ; it would have been error to declare to the jury that either or both of these facts amounted per se, in law, to a defence to the action. At most these facts could only have been regarded as circumstances, in connection with other facts tending to establish probable cause for making the charge of larceny. The charge of the justice did not conflict with the 6th request. He did not take from the jury the right to find the truth of the facts relied on as evidence of probable cause. The 7th request was improper. Whether facts, when found to be true, amount to probable cause, is a question of law for the court, not of fact for the jury.

I am inclined to believe that the facts contained in the bill of exceptions, which are uncontroverted, are sufficient in law to make out a want of probable cause for the prosecution of the plaintiff on the charge of larceny. It appears that the plaintiff took the wagon from the premises of the defendant's father, in the day time, professedly claiming it under a bill of sale from his brother ; that the same day he took the wagon he told a witness with whom the top and seat had been left, to be repaired, that he had taken it, and that he claimed it as his own, and showed him the bill of sale under which he claimed it, and sent word by this witness to the defendant, that he had taken the wagon. It also appears that this witness, the same day, delivered to the defendant the plaintiff's message, and told the defendant that the plaintiff claimed the wagon under the bill of sale from his brother. And it also appears that the defendant received all this information before he made the complaint against the plaintiff for stealing the wagon. It seems to me that these facts were sufficient evidence of the want of probable cause. In *Weaver* v. *Townsend,* (14 *Wend.* 192,) which was an action on the case for a malicious prosecution in causing the plaintiff to be arrested on a charge for feloniously taking prop-

erty, it was held that the knowledge of the defendant, when he made the complaint, that the plaintiff claimed and had at least a prima facie right to the property, was sufficient evidence of a want of probable cause.

The motion for a new trial must be denied.

———— •••• ————

SAME TERM.    *Before the same Justices.*