[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 238 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 239 
To maintain this action it was incumbent on the plaintiff to prove that he had been sued by the defendant, as alleged, maliciously and without probable cause; for if there was probable cause for such suit, although it was maliciously commenced, the action could not be sustained. Want of probable cause and malice must concur. The question of malice in this action is for the jury. The want of probable cause is independent of malicious motive, and cannot be inferred, as a necessary consequence, from any degree of malice which may be shown.
In the case of a private suit, probable cause may consist of such facts and circumstances as lead to the inference that the party was actuated by an honest and reasonable conviction of the justice of the suit. This question is composed of law and fact; it being the province of the *Page 240 
jury to determine whether the circumstances alleged are true or not, and of the court to determine whether they amount to probable cause. When the matter of fact and matter of law, of which the probable cause consists, are so intimately blended together as not to be easily susceptible of separate decision, the judge is warranted in leaving the question to the jury; instructing them in the principles and rules of law by which they are to be governed in finding a verdict, and those instructions the jury are bound to follow. Whether the circumstances alleged to show probable cause, or the contrary, are true and existed, is a matter of fact; but whether, supposing them true, they amount to probable cause, is a question of law.
What is meant by the expression, that probable cause is a mixed question of law and fact, and when it is proper to submit it to the jury to pass upon, is correctly explained in Masten v.Deyo (2 Wend., 424). If the facts which are adduced as proof of a want of probable cause are controverted, if conflicting testimony is to be weighed, or if the credibility of witnesses is to be passed upon, the question of probable cause should go to the jury, with proper instructions as to the law. But where there is no dispute about facts, it is the duty of the court, on the trial, to apply the law to them.
In this case there was no dispute about the material facts, no conflict in the evidence, no impeachment of witnesses. The judge was right, therefore, in assuming to himself to pronounce upon the legal effect of the evidence, and I think the conclusion to which he came was in accordance with the evidence. It clearly appeared that there was probable cause for bringing the suit by Benson against the plaintiff. (Hall v. Suydam, 6 Barb.,
83.)
The judgment should be affirmed.
Judgment affirmed. *Page 241