By the Court. Bosworth, J.
To maintain an action for malicious prosecution, three facts, if controverted, must be established :—
1. That the prosecution is at an end, and was determined in favor of the plaintiff
2. The want of probable cause.
3. Malice.
In such an action, it is necessary to give some evidence of the want of probable cause. It is insufficient to prove a mere acquittal ; that, alone, is not prima facie evidence of the want of probable cause. (Gorton v. De Angelis, 6 Wend. 418.)
It is equally essential, that the former prosecution should appear to have been maliciously instituted. Malice maybe inferred from , the want of probable cause, but such an inference is one which i a jury is not required to make, at all events, merely because they may find the absence of probable cause.
Unless the evidence, in relation to the circumstances under which the prosecution was ended, and that given to establish the want of probable cause, justify the inference of malice, other evidence, in support of it, must be given.
Evidence as to the conduct of the defendant, in the course of the transaction, his declarations on the subject, and any forwardness and activity in exposing the plaintiff by a publication, are properly admitted to prove malice. Such evidence must be given as will justify a jury in finding the existence of malice.
The rule is uniformly stated, that, to maintain an action, for a former prosecution, it must be shown to have been without probable cause, and malicious. (Vanduzer v. Linderman, 10 J. R. 110; *308 Murray v. Long, 1 Wend. 140, 2d Stark. Ev. 494; Willans v. Taylor, 6 Bing. 173.)
The Judge, at the trial, charged, that the fact, that the plaintiff was discharged before the magistrate, showed, prima facie, that there was no probable cause for the arrest, and shifted the burden of proof from the plaintiff to the defendant, who was bound to show, affirmatively, that there was probable cause.
He was requested to charge, “that the discharge of Vanderbilt was not prima facie evidence of the want of probable cause.” This he refused to do. To this refusal to charge, and to the charge as made, the defendant excepted.
He also charged, “that, if probable cause is made out, the question of malice becomes immaterial, except as bearing on the question of damages.”
“ This question of malice, in fact, supposing that probable cause did not exist, is material only as affecting the question of damages.”
He was requested to charge, “ that the jury could not find a verdict for the plaintiff, unless he has proved that there was no probable cause for the complaint, and not even then, unless they believe, from the evidence, that, in making the complaint, the defendant acted from malicious motives.” This the Judge declined to do, and to his refusal to so charge the defendant excepted.
Although the evidence which establishes the want of probable cause maybe, and generally is, such as to justify the inference of malice, yet we understand the rule to be, that when it is a just and proper linference from all the facts and circumstances of the case, upon all /the evidence given in the cause, “that the defendant was not actuated /by any improper motives, but only from an honest desire to bring a supposed offender to justice, the action will not lie, because such ’'facts and circumstances disprove that which is of the essence of the action, viz., the malice of the defendant in pressing the charge.”
In Bulkley v. Smith, (2 Duer, 271,) the court stated the rule to be, “ that, in order to maintain a suit for a malicious prosecution, the plaintiff is bound to prove the entire want of a probable cause for the accusation, and the actual malice of the defendant in making it. Malice is a question of fact, which, when the case turns upon it, must be decided by the jury.”
Story, J., in Wiggin v. Coffin, instructed the jury that two things must concur, to entitle a plaintiff to recover in such an action: *309 “ The first is, the want of probable cause for the prosecution; the ' second is, malice in the defendant in carrying on the prosecution. If either ground fail, there is an end of the suit.”
In Vanduzer v. Linderman, (10 J. R. 110,) the court said: “ No action lies, merely for bringing a suit against a person, without sufficient ground. To maintain a suit for a former prosecution, it must appear to have been without cause, and malicious.”
If the charge must be understood to mean, that if the want of probable cause was established, the plaintiff was entitled to recover, although the jury should believe, from the whole evidence, that, in mating the complaint, the defendant did not act from malicious motives, then we deem it to be erroneous. This construction is the only one, of which the language of the instruction appears to be susceptible; for the Judge, in charging the jury, stated that the “ question of malice in fact, supposing that probable cause did not exist, is material only as affecting the question of damages.”
Malice in fact, is that kind of malice which is to be proved.) When malice may be, and is inferred, from the want of probable) cause, it is actual malice which is thus proved. t
There is no theoretical malice which can satisfy this rule, and-which can coexist with the established fact, that the prosecution was instituted in an honest belief of the plaintiff’s guilt, and with no other motives than to bring a supposed offender to justice.
The question of malice may be a turning-point of the controversy, in an action of this nature. \
( The want of probable cause may be shown, and yet, upon the; fyhole evidence, in any given case, it may be a fair question for j ¡the determination of a jury, whether the defendant was actuated - by malice. If the whole evidence is such, that a jury cannot j properly doubt the honesty and purity of the motive which in- j duced the former prosecution, and if they fully believe that it; was instituted from good motives, and in the sincere conviction j that the plaintiff was guilty of the offence charged, and without,, malice, the defendant would be entitled to a verdict.
The charge made, and which was excepted to, must be deemed to have been made, to give the jury a rule of action, in disposing of the case upon the whole evidence. We think it was not only calculated to mislead, but was erroneous.
A new trial must be granted, with costs to abide the event.