HENRY H. RICHARDSON, APPELLANT, *v.* WILLIAM A. VIRTUE AND CHARLES H. YORSTON, RESPONDENTS.

*Malicious Prosecution — malice and want of probable cause of prosecution necessary to maintain action for — Advice of counsel.*

In an action for malicious prosecution, malice and want of probable cause for the prosecution, must be affirmatively shown. The *bona fide* acts of a party, on advice given by counsel after a full and fair statement of the facts, are evidence of probable cause, however erroneous the opinion may be.

THIS action was brought to recover damages for a malicious arrest of the plaintiff by the defendants, in an action brought in the Supreme Court of Rhode Island. The defendants were book-publishers in New York, and employed the plaintiff to take charge

---

[*] 25 N. Y., 203.  [†] Castle v. Noyes, 4 Kernan, 329.

of their store in Providence. The plaintiff, after he was discharged from defendants' employ, demanded the return of certain books of considerable value, and the payment of a balance, alleged to be due him on book account, of about $314. The defendants refused to comply with this demand, and the plaintiff brought suit, and the defendant Yorston was arrested and gave bail. Suit was then brought by the defendants against the plaintiff, in which plaintiff was arrested, and, being unable to furnish bail, remained in jail one hundred and forty days. The two cases were tried together, before an auditor, and resulted in a judgment in favor of plaintiff.

This action was tried before a referee, who found that the defendants had acted in good faith in bringing their suit against this plaintiff, and directed that the complaint be dismissed.

*R. H. Underhill* and *James Hickey*, for the appellant. The referee erred in finding that to sustain this action, there must be clear and satisfactory proof that the plaintiffs (the defendants here) were fully aware that there was no debt due to them. (*Besson* v. *Southard*, 10 N. Y., 236; *Bird* v. *Line*, 1 Comyn, 190; *Golin* v. *Wilcox*, 2 Wils., 302; *Austin* v. *Debnam*, 3 B. & C., 139; *Wentworth* v. *Bullen*, 9 id., 840; *Dronefield* v. *Archer*, 5 B. & Ald., 513; *Macfarlan* v. *Ellis*, 1 Fos. & Fin., 288; *Brown* v. *McIntyre*, 43 Barb., 344.) If defendants' belief, that the plaintiff owed them the sum stated, arose from defendants' negligence, it did not excuse the arrest. (*Grinell* v. *Stewart*, 12 Abb., 220; *Pierce* v. *Thompson*, 6 Pick. [Mass.], 193.) Legality of imprisonment not material. (*Pangburn* v. *Bull*, 1 Wend., 345; 17 Ala., 832; 8 Ohio, 548; 18 Ala., 302; 4 Serg. & R., 10; 13 id., 54.)

*Wm. P. Chambers*, for the respondents. Plaintiff must show: 1st. Want of probable cause; 2d. Malice; 3d. Termination of prosecution in his favor. (*McKown* v. *Hunter*, 30 N. Y., 627; *Miller* v. *Milligan*, 48 Barb., 36; *Vanderbilt* v. *Mathis*, 5 Duer, 304; *Besson* v. *Southard* 10 N. Y., 236; 1 Hilliard on Torts, 416, 420, § 10; *Foshay* v. *Ferguson*, 2 Denio, 617.) Advice of counsel, fairly given and acted upon, is an absolute bar to action for malicious prosecution. *Ravenga* v. *Mackintosh*, 2 Barn. & Cress., 693; *Stone* v. *Swift*, 4 Pick., 389; *Hall* v. *Suydam*, 6 Barb., 83.)

BRADY, J.:

This is an action for malicious prosecution. The evidence shows that the plaintiff was in the employment of the defendants, having charge of what is called their Providence agency, in Providence, Rhode Island. They became dissatisfied with his mode of conducting their business, and called upon him to make up his accounts. Several meetings were had on the subject of their differences, each making a claim against the other, but no settlement was arrived at. The defendant Yorston went to Providence in May, 1868, and at that time it seems, upon the plaintiff's intimation that he was ready to settle, and while there, and soon after his arrival at plaintiff's place of business, was arrested at the instance of the latter, and held to bail in the sum of $4,000, to appear. The defendants then commenced an action against the plaintiff, in which he was held to bail in $2,500, for his appearance. The defendant Yorston gave the necessary security, and was discharged, but the plaintiff, failing to procure it, was detained in prison for a considerable length of time. Prior to the commencement of the defendants' action there were several interviews between them and their attorney, and the action was the result of such interviews and the advice of their counsel.

It was necessary for them to proceed by action, because the defendants' claim, consisting mainly of unliquidated damages, could not be set off in the action against them by the plaintiff. Imprisonment for debt was at that time authorized by the laws of Rhode Island, and resort to it was the usual and ordinary mode of procedure, although it was not necessarily so. It appears to have been the uniform practice there, also, to lay the damages in the writ, at double the amount of the claim, and the sheriff was directed to hold the defendant to bail to answer the complaint.

The bail required of the defendant, at the instance of the plaintiff, in his suit, was $4,000 ; and of the plaintiff, at the instance of the defendants in their suit, $2,500, as already mentioned. The defendants claimed $1,200, and upward, consisting of damages for a violation of the plaintiff's contract, and moneys due from him.

Both parties, as suggested by the referee herein, were, however, uncertain as to the extent of the claim they held, and neither was precise.

These actions, thus commenced, were tried together, and the auditor who heard and decided them, then gave judgment for the plaintiff herein, after deducting such claim as the defendants established against him. The recovery of the former was for the sum of $223.88.

It must be conceded that the imprisonment of the plaintiff was, under the circumstances, and, considered in reference to the result of the actions, a hardship ; but it was the fault of the remedy allowed. The defendants, having resorted to it, or employed it, are free from responsibility for the consequences, unless actuated by malice, and unless there was a want of probable cause for the prosecution. These are indispensable elements of the plaintiff's case, and must be affirmatively shown. Proof of one, and the absence of the other is not enough. They must concur.*

The finding of the referee on this subject, is in favor of the defendants ; and the evidence sustains the conclusions at which he has arrived. The testimony given, discloses perhaps the prevalence of much feeling between the parties, but that they both believed in the validity of the claims urged, there is no reason to doubt. The fact established by the conclusions of the auditor, was that they were indebted to each other, and, in giving judgment, he deducted from the plaintiff's claim, what he found due from him to the defendants. Their claim was not therefore wholly groundless, nor was it made up after the arrest of defendant Yorston, for the evidence shows that it had been the subject of several interviews, as already mentioned, between the defendants and their attorney, prior to the defendant Yorston's arrest, and was not changed in any respect, when enforced, or sought to be, by action. The arrest, which was at the suggestion of the defendants' attorney, was not only not an extraordinary proceeding, but usual and customary, and the defendants have affirmed positively the absence of malicious motive or intent. The *bona fide* acts of a party, on advice given by counsel after a full and fair statement of the facts, is evidence of probable cause, however erroneous the

---

* Hall v. Suydam, 6 Barb., 83; Vanderbilt v. Mathis, 5 Duer, 304; Miller v. Milligan, 48 Barb., 36; Besson v. Southard, 10 N. Y., 236; McKown v. Hunter, 30 id., 627.

opinion may be.* It may be that the rule, stated as governing these actions, is harsh. It may be that it would have been better to have held a man to a strict accountability, who, upon a claim made, deprived his debtor of his liberty, if he failed to prove his demand good, but such has not been the view of courts, and it is too late now to change it.

The exceptions taken during the trial which were not argued, or stated on the briefs submitted, but yet relied on, have been examined and found untenable.

The judgment must therefore be affirmed.

DAVIS, P. J., and DANIELS, J., concurred.

Judgment affirmed.