# NEW YORK COMMON PLEAS.

LUCAS THOMPSON, plaintiff and appellant, agt. ALEXANDER
LUMLEY and EDWARD LUMLEY, defendants and respondents.

*Action, malicious prosecution — nonsuit — evidence — probable cause.*

The test, whether or not a nonsuit should be granted, is, whether the
evidence, viewed in the most favorable light, would have warranted the
jury in finding a verdict in favor of the plaintiff. If it would, then the
nonsuit should not be granted. If not, it should be granted.

To maintain an action for malicious prosecution, the plaintiff must estab-
lish, not only, that the prosecution complained of was instigated by the
defendant, and has terminated in the plaintiff's favor, but also the want
of probable cause and malice on the part of the defendant.

Where one of two defendants, in an action for malicious prosecution, was
proved to have made one of the affidavits, upon which the warrant of
arrest against the plaintiff was granted, and that he threatened the plain-
tiff with prosecution; that he constantly attended, before the magistrate,
on the days when the examination was proceeded with; that he, on
those occasions, sat next to, and consulted with, the prosecuting
counsel in reference to the accusation, and that he was otherwise active
in forwarding the prosecution, it was sufficient evidence tending to
show that he instigated, and was a co-prosecutor of, the alleged mali-
cious prosecution, to carry the cause to the jury on that point.

In an action for malicious prosecution, the burden of proof, showing a
want of probable cause for the prosecution, rests with the plaintiff.

Where the facts and circumstances are uncontradicted, the question
whether they amount to probable cause is one of law, which it is the
duty of the court to determine. But, if the facts are contradicted; or
if inferences or deductions, either way, may be drawn from the evidence;
or if the degree of credit which is to be given to the witnesses is to be
determined, the question should be submitted to the jury, with proper
instructions from the court, as to the law, with reference to the facts
which they may be authorized to find from the evidence.

The defendants caused the plaintiff to be arrested and prosecuted on the
charge of willful and corrupt perjury, in making an affidavit, by which
he swore positively that one of the defendants was a non-resident of the

Thompson agt. Lumley.

state, and procured an attachment against his property. All the facts, and circumstances, and information, upon which the plaintiff founded his affidavit, in procuring the attachment — which was done by the advice of his counsel — were procured from the defendants themselves.

The court, therefore, *held*, that, under these circumstances, it was rather difficult to perceive what probable cause the defendants had for prosecuting the plaintiff, on the charge of willful and corrupt perjury, since it would seem necessarily to result that the alleged false swearing consisted solely in his making solemn affirmation to the truth of the very thing which had been represented to him as true, on the part of the defendants themselves.

The charge preferred against the plaintiff was, not that he committed perjury in swearing absolutely, when he should only have done so on information and belief, but in that he swore that one of the defendants was a non-resident, when, in fact, he was a resident. The objection, therefore, that the plaintiff swore absolutely to the affidavit, instead of on information and belief, could have no additional force in fixing his guilt.

The affidavits upon which the arrest of the plaintiff was based were submitted to the district attorney, and he indorsed upon them that it was a proper case for a warrant to issue, and defendants claimed that they had, therefore, probable cause. *Held*, that it did not appear that a full and correct statement of the whole matter had been submitted to the district attorney; there was not, therefore, such a full and fair disclosure of the whole case as is contemplated by the rule in such cases; and the defendants, for this reason, were not entitled to its benefits.

It is incumbent on the plaintiff, in an action of this nature, to establish malice. In general, malice may be implied or inferred from the want of probable cause; but, where the evidence, tending to establish the want of probable cause will not justify the jury in making such an inference, it must be proved by direct evidence.

In this case, irrespective of any malice the jury would have been authorized to infer from the want of probable cause, two witnesses testified to threats made by one of the defendants, which clearly tended to prove express malice on his part.

*General Term, May*, 1875.

*Before* DALY, *Ch. J.*, LOEW *and* J. F. DALY, *JJ.*

APPEAL from a judgment dismissing the plaintiff's complaint.

This action was brought to recover $50,000 damages for alleged malicious prosecution and false imprisonment, in

causing the plaintiff to be arrested, on a warrant issued by a police justice of the city of New York, on the charge of having committed willful and corrupt perjury.

It appears that the defendant Edward Lumley called at the plaintiff's place of business and, representing himself to be *Alexander* Lumley, purchased goods on credit. The bill not being paid when due, the same was placed in the hands of Alexander Blumenstiel, Esq., the plaintiff's attorney, for collection. The latter sent his clerk, George H. Alexander, to demand payment. He found Edward Lumley in charge of the store, who informed him that not he, but his brother, owed the money ; and then made the statements embodied in Alexander's affidavit, referred to in the opinion of the court. Subsequently, Mr. Blumenstiel called personally, and Edward Lumley made similar representations to him, with the addition that his brother was *a single man*. These statements were communicated to the plaintiff, and he was advised, by Mr. Blumenstiel, that, inasmuch as Alexander Lumley was a non-resident, an attachment could issue out of the marine court. The plaintiff, accordingly, swore to an affidavit which had been previously prepared, and which was annexed to the one which had been made by Alexander. The other material facts sufficiently appear in the opinion of the court.

*Blumenstiel & Ascher, and A. J. Requier,* for plaintiff, appellant.

*C. Bainbridge Smith,* for defendants, respondents:

Loew, *J.* — On the argument of this appeal we expressed the opinion that the learned judge who presided at the trial erred in dismissing the complaint, and that the judgment would have to be reversed. We have, since then, carefully examined the evidence and the authorities bearing on the subject, and can see no reason why we should change the views heretofore entertained by us.

The test, whether or not a nonsuit should have been granted by us, is, whether the evidence, viewed in the most favorable light, would have warranted the jury in finding a verdict in favor of the plaintiff. If it would, then the non-suit was improperly granted. But if, on the other hand, a verdict in the plaintiff's favor would have been set aside as without or against evidence, then the court was justified in taking the case from the jury (*Carl* agt. *Ayres*, 53 *N. Y.*, 14).

Now, in order to maintain an action like the present, the person bringing it must establish not only that the prosecution complained of was instigated by the defendant, and has terminated in the plaintiff's favor, but also the want of probable cause and malice on the part of the defendant (*McKown* agt. *Hunter*, 30 *N. Y.*, 625 ; *Miller* agt. *Mulligan*, 48 *Barb.*, 30).

In case at bar it is conceded that the prosecution was ended in favor of the plaintiff, previous to the commencement of the action. It is claimed, however, by the learned counsel for the defense, that it does not appear that the defendant Edward Lumley was prosecuted, or that he instigated the prosecution. But the evidence discloses not only that he made one of the affidavits upon which the warrant of arrest was granted, but also that he threatened the plaintiff with prosecution ; that he constantly attended before the magistrate on the days when the examination was proceded with ; that he, on these occasions, sat next to, and consulted with, the prosecuting counsel in reference to the accusation, and that he was otherwise active in forwarding the prosecution. There was therefore sufficient evidence tending to show that he instigated and was a co-prosecutor of the alleged malicious prosecution to carry the cause to the jury on that point (*Miller* agt. *Mulligan*, *supra*).

The next inquiry is, whether the evidence disclosed a want of probable cause for the prosecution. The burden of showing this rested on the plaintiff. It matters not that the former suit or prosecution was maliciously instituted. If there was probable cause for it an action like this cannot be sustained (*Besson* agt. *Southard*, 10 *N. Y.*, 236). And no degree of

Thompson agt. Lumley.

malice will warrant the inference of a want of probable cause (*Murray* agt. *Long*, 1 *Wend.*, 141). Where the facts and circumstances are uncontradicted, the question whether they amount to probable cause is one of law, which it is the duty of the court to determine. But if the facts which may be adduced are contradicted, or if inferences or deductions either way may be drawn from the evidence, or if the degree of credit which is to be given to the witnesses is to be determined, the question should be submitted to the jury, with proper instructions from the court as to the law with reference to the facts which they may be authorized to find from the evidence (*Bulkley* agt. *Keteltas*, 6 *N. Y.*, 384; *Bulkley* agt. *Smith*, 2 *Duer*, 261).

As the facts in this case are undisputed the judge was correct in assuming the right to apply the law to them. He however, reached the conclusion that the evidence showed that there was probable cause for the prosecution against the plaintiff. In this we are constrained to say we think he erred.

The plaintiff was charged with the offense of willful and corrupt perjury, in that he made an affidavit in which he stated that the defendant Alexander Lumley was a non-resident of the city of New York, and was a resident of the state of Pennsylvania. The two affidavits, upon which the prosecution alleged to be malicious was based, were made by the defendants. In these affidavits they refer to and have incorporated the very words in respect to the non-residence of Alexander Lumley contained in the plaintiff's affidavit. The latter affidavit cannot be found on the files of the clerk's office of the marine court, and is, consequently, not before us; but it is evident, from the affidavits made by the defendants, that they must have seen it before they made their own. If so, they must also have seen that in it the plaintiff referred, as he testified he did (fol. 142), to another affidavit. The last named affidavit we must assume to be the one made by George H. Alexander, a clerk in the employ of the plaintiff's attorney,

as we find no allusion in the evidence to any other affidavit
to which the plaintiff could have had reference. All the wit-
nesses agree that Alexander's affidavit was first made; that
the plaintiff did not make his affidavit until after he had
read Alexander's; that the plaintiff's affidavit was annexed
to that of Alexander, and that the attachment was subse-
quently obtained upon them. As the plaintiff in his affida-
vit refers to Alexander's affidavit, and as the two affidavits
were attached to each other, we must, in the absence of any
evidence to the contrary, take it for granted that the defend-
ants saw Alexander's affidavit also. They must, therefore,
have known that the plaintiff's affidavit, in respect to the non-
residence of one of the defendants, was founded upon the
sworn statements of Alexander, which were in substance as
follows: That on two occasions he called at the place of busi-
ness of Alexander Lumley; that he there saw Edward Lum-
ley, who informed him that his brother, Alexander Lumley,
was in the state of Pennsylvania; that he formerly boarded
in this city; that he had no residence here whatever; that he
did not know his address or in what part of Pennsylvania he
was; that he could not tell when he would come back, and
that he (Edward Lumley) had a power of attorney to transact
business for him in his absence. This affidavit, without
regard to any other information received by him, justified
the plaintiff in believing Alexander Lumley to be a non-resi-
dent; and, as we have already seen, the defendants must
have known that the plaintiff's affidavit was based thereon.
The information was received from Edward Lumley, who, at
the time he gave it, was in charge of his brother's business,
under a power of attorney, which gave him absolute control
thereof, and authorized him to act in every possible contin-
gency, as if he were the principal. The plaintiff had every
reason to believe that the information in regard to Alexan-
der Lumley's non-residence, coming from the source it did,
was perfectly trustworthy and reliable. He was, therefore,
warranted in acting thereon; he was not bound to know that

the information was false, and that at the very time it was given, Alexander Lumley was a resident of this city, as was subsequently proven to have been the case. Under these circumstances, it is rather difficult to perceive what probable cause the defendants had for prosecuting the plaintiff on the charge of willful and corrupt perjury, since it would seem necessarily to result that the alleged false swearing consisted solely in his making solemn affirmation to the truth of the very thing which had been represented to him as true on the part of the defendants themselves.

It is said, however, that the plaintiff swore positively to the non-residence of one of the defendants, when he should only have done so on information and belief. Assuming this to be so, still it does not necessarily follow that the plaintiff committed perjury. If the alleged act of false swearing proceeds from inadvertence, misconception or mistake, the crime of perjury cannot be assigned (3 *Greenleaf's Ev.*, sec. 201, *and cases cited*). It is true, the existence of probable cause does not depend upon the fact whether or not an offense has been committed, nor yet on the guilt or innocence of the person accused thereof (*Scanlon* agt. *Crowley*, 2 *Hilt.*, 489). But it is equally true that a party will not be justified in prosecuting another merely because he believes him to be guilty. There must also be reasonable or probable grounds for the belief. The probable cause which would be a defense to a party for accusing another of a crime and causing his arrest therefor, may be defined as such facts or circumstances as would justify a *reasonable* suspicion and lead a *cautious* and *prudent* man to the belief that the accused is guilty of the offense charged against him (*Carl* agt. *Ayres*, 53 *N. Y.*, 14; *Shafer* agt. *Loucks*, 58 *Barb.*, 426). Judge ANDREWS, in delivering the opinion of the court of last resort in *Carl* agt. *Ayres* (*supra*) says: "But a groundless suspicion unwarranted by the conduct of the accused *or by facts known to the accuser*, when the accusation is made, will not exempt the latter from liability to an innocent person for damages for

causing his arrest. A man has no right to put the criminal law in motion against another and deprive him of his liberty upon mere conjecture that he has been guilty of a crime." And in *Hall* agt. *Suydam* (6 *Barb.*, 83), which was an action for malicious prosecution, it was held that it was sufficien' evidence of a want of probable cause, that the defendant had received information, previous to the time when he caused the plaintiff's arrest for feloniously taking his wagon, that the plaintiff claimed to own the same under a bill of sale from a third party. But beyond this, in the present case, it would seem that the plaintiff in some way qualified his affidavit by referring therein to the one made by Alexander. Moreover, the charge preferred against the plaintiff was not that he committed perjury in swearing absolutely, when he should only have done so on information and belief, but in that he swore that Alexander Lumley was a non-resident, when in point of fact he was a resident.

Again, it is argued that inasmuch as the affidavits upon which the arrest of the plaintiff was based was submitted to the district attorney, and he indorsed upon them that it was a proper case for a warrant to issue, his direction is sufficient evidence of a probable cause. It is true, if a person submits a full and correct statement of the whole matter, either to counsel or the public prosecutor, as the case may be, and honestly acts upon the opinion given him, he will be deemed to have had sufficient probable cause, and will have a good defense to an action for malicious prosecution. But even then it would be a question for the jury to determine whether or not such person acted in good faith upon the legal advice given him and brought the suit or made the accusation fully believing that he had a good cause of action against the plaintiff, or that the latter was guilty of the offense with which he was charged (*Hall* agt. *Suydam*, *supra*). In the case before the court, however, the affidavit submitted to the district attorney contained none of the facts or circumstances already alluded to, which go to justify the plaintiff in making

the affidavit he did and clear him from the imputation of perjury. There was not, therefore, such a full and fair disclosure of the whole case as is contemplated by the rule, and the defendants are not for this reason entitled to its benefits.

It is incumbent on the plaintiff to establish yet another essential element in an action of this nature, namely, malice. Whether or not the defendant was actuated by malicious motives in bringing the action or pressing the accusation is a question of fact which it is the province of the jury to determine. In general, malice may be implied or inferred from the want of probable cause; but where the evidence tending to establish the want of probable cause will not justify the jury in making such an inference, it must be proved by direct evidence (*Vanderbilt* agt. *Mathis*, 5 *Duer*, 304). And if, from all the evidence adduced, the jury are satisfied that the previous unfounded suit or prosecution was not instituted from malicious motives, but in perfect good faith, and in the firm and sincere belief that the defendant had a good cause of action against the plaintiff, or that the latter was guilty of the offense of which he was accused, then their verdict should be in favor of the defendant (*Id.*).

In the case before the court, irrespective of any malice which the jury would have been authorized to infer from the want of probable cause, two witnesses testified to threats made by one of the defendants, which clearly tended to prove express malice on his part.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

DALY, Ch J., and J. F. DALY, J., concurred.