By the Court.—Van Vorst, J.
The learned judge before whom the action was tried, in the opening portion of his charge to the jury, stated that the action for malicious prosecution could not be maintained, unless there was some proof of malice. He afterwards stated that “ questions of malice and probable cause are questions of law for the decision of the court, and are not questions of fact for the jury, unless there is some conflict of evidence. .
The defendants’ counsel, among other requests, submitted to the court, asked the judge to charge *232 “that if the jury believe that -the defendants fully stated to counsel all the facts, and counsel advised the attachment, there is no want of probable cause shown, unless it is shown by other evidence, and the plaintiffs cannot recover.” The court declined so to charge.
The defendants’ counsel also asked the court to decide “whether there was or was not, probable cause.” To which the court replied: • “I have decided that you had no probable cause.”
The counsel also asked the court to charge “that the plaintiffs have not shown malice on the part of the defendants.” The judge in answer said : “ I have disposed of that by saying that they have shown malice.” To each of these rulings the counsel for the defendant excepted, as he did to the portion of the charge in which it was stated “that malice is a question of law for the court.”
In an action for malicious prosecution, it is incum - bent on the plaintiff to prove that the prosecution, of which complaint is made, was instituted without probable cause, and maliciously (Fagnan v. Knox, 66 N. Y. 525). The question of probable cause .is composed of both law and fact. ‘ ‘ It being the province of the jury to determine whether the circumstances alleged are true or not, and of the court to determine whether they amount to probable cause” (Besson v. Southard, 10 N. Y. 239). And if there be a conflict in the evidence as to the facts which are claimed to constitute probable cause, the question should be passed upon by the jury, under instructions from the judge. If there is no dispute about the facts, it is the duty of the court to decide the question of probable cause (Masten v. Deyo, 2 Wend. 424).
I do not think that there was any substantial conflict in the evidence, with respect to whether the defendants had probable cause for their proceedings by action and attachment. And it was therefore .the duty of the *233 judge to determine, as matter of law, whether such facts and circumstances constituted probable cause. Wo substantial error is discovered in the rulings and decisions of the judge upon that subject.
The request of the learned counsel for the defendant, 11 that if the jury believe that the defendants fully stated to counsel all the facts, and counsel advised the attachment, then there is no want of probable cause, unless,” &c., &c., to be effective, did not go far enough. For although a party lays the facts of his case fully and fairly before counsel, and acts upon the opinion given, that of itself is not proof of probable cause. It must also appear that he acted in good faith upon the opinion given. And the question of good faith is for the jury, and not for the court (Hall v. Suydam, 6 Barb. 83, 88). It is only when he acts in good faith, that the opinion of the counsel will shield him. And that must be affirmatively shown by the party, in the event that the advice proves erroneous.
The learned judge, however, fell into an error with respect to the subject of malice. In order to a recovery in actions of this nature, the plaintiff must establish that the prosecution complained of was conceived and conducted in malice. Malice must be combined with want of probable cause (Goodman v. Stroheim, 36 Super. Ct. [J. & S.] 216. “ The question of malice in this action is for the jury” (Besson v. Southard, supra; Vanderbilt v. Mathis, 5 Duer, 304). For, although there was no justifying probable cause, yet, upon the whole evidence, it is for the jury to determine whether the defendant was moved by malice.
The judge was in error, therefore, when he stated that malice was a question of law for the decision of the court, and when, in regard to the defendants’ request on that subject, he stated to the jury “ that he had disposed of that by saying that they have shown malice.”
*234 Even though the jury may have considered the subject of malice and determined it, yet the rulings of the learned judge must, of necessity, have prejudiced the plaintiff’s case.
The plaintiff’s counsel, however, urges that one of his causes of action was for trespass, and wrongful conversion of the plaintiff’s property, to which the strict rules in relation to actions for malicious prosecution do not apply. But the action was tried as one for malicious prosecution. The defendants’ counsel sought, at the commencement of the trial, to compel an election by the plaintiff’s counsel between his causes of action for conversion and malicious prosecution. The application was denied, and the dase went to the jury under both aspects.
Other grounds of exception were urged by the defendants’ counsel on the argument of the appeal, but it is not necessary to formally consider or pass upon them, in view of the errors to which allusion is above made. The objection, however, that it does not appear that the prosecution complained of had been determined in the plaintiff’s favor, appears to be serious.
It would seem, that the action was discontinued, as the order recites, by “ consent.” It is doubtful whether such a termination, if that is all there is of it, is sufficient to justify an action for malicious prosecution. But we will not, as it is not necessary, pass absolutely upon that question.
Judgment and order reserved, and new trial granted, with costs to the appellants to abide the event.
Sedgwick, J., concurred.