# FIRST DEPARTMENT.

## GENERAL TERM, OCTOBER, 1874.

---

RICHARDSON, appellant, v. VIRTUE.

*Malicious prosecution — what is not — acts under advice of counsel.*

Plaintiff and defendants had unsettled mutual claims against each other. One of the defendants went to Rhode Island, where plaintiff.was to settle the same. While there, plaintiff brought action on his claim, and caused the arrest of defendant therein. Defendants then brought action upon their claim and procured the arrest of plaintiff. The defendants' claim could not be set off in the action by plaintiff. Arrest was then a common though not the only mode of commencing an action in Rhode Island, and the arrest was procured by the advice of counsel, and defendants disclaimed malice in procuring it. The two actions were tried together and a balance found due plaintiff after deducting defendants' claim. *Held*, that defendants were not liable for malicious prosecution.

The *bona fide* acts of a party on advice given by counsel, after a full and fair statement of the facts, are evidence of probable cause, however erroneous the advice may be.

APPEAL from a judgment in favor of defendants entered upon the report of a referee. The action was brought by Henry H. Richardson against William A. Virtue and Charles H. Yorston to recover damages for the alleged malicious arrest of plaintiff. The facts sufficiently appear in the opinion.

*R. H. Underhill* and *James Hickey*, for appellant, cited *Bird* v. *Line*, 1 Comyn, 190; *Goslin* v. *Wilcock*, 2 Wils. 302; *Austin* v. *Debuam*, 3 B. & C. 139; *Wentworth* v. *Bullen*, 9 id. 480; *Dronefield* v. *Archer*, 5 B. & Ald. 513; *Macfarlan* v. *Ellis*, 1 Fos. & Finn. 288; *Brown* v. *McIntyre*, 43 Barb. 344; *Grinnell* v. *Stewart*, 12

Abb. 220; *Pierce* v. *Thompson,* 6 Pick. 193; *Pangburn* v. *Bull,* 1 Wend. 345.

*Chambers, Pomeroy & Boughten,* for respondents.

BRADY, J.   This is an action for malicious prosecution.   The evidence shows that the plaintiff was in the employment of the defendants, having charge of what is called their Providence agency in Providence, Rhode Island.   They became dissatisfied with his mode of conducting their business, and called upon him to make up his accounts.   Several meetings were had on the subject of their differences, each making a claim against the other, but no settlement was arrived at.   The defendant Yorston went to Providence in May, 1868, and at that time, it seems, upon the plaintiff's intimation, that he was ready to settle, and while there, and soon after his arrival at plaintiff's place of business, was arrested at the instance of the latter, and held to bail in the sum of $4,000 to appear.   The defendants then commenced an action against the plaintiff in which he was held to bail in $2,500 for his appearance.   The defendant Yorston gave the necessary security and was discharged, but the plaintiff, failing to procure it, was detained in prison for a considerable length of time.

Prior to the commencement of the defendants' action, there were several interviews between them and their attorney, and the action was the result of such interviews and the advice of their counsel. It was necessary for them to proceed by action because the defendants' claim, consisting mainly of unliquidated damages, could not be set off in the action against them by the plaintiff.   Imprisonment for debt was, at that time, authorized by the laws of Rhode Island, and resort to it was the usual and ordinary mode of procedure, although it was not necessarily so.   It appears to have been the uniform practice there also to lay the damages in the writ at double the amount of the claim, and the sheriff was directed to hold the defendant to bail to answer the complaint.   The bail required of the defendant at the instance of the plaintiff in his suit was $4,000, and of the plaintiff at the instance of the defendants in their suit, $2,500, as already mentioned.   The defendants claimed $1,200 and upwards, consisting of damages for a violation of the plaintiff's contract, and moneys due from him.   Both parties as suggested by the referee herein were, however, uncertain as to the extent of the

claim they held, and neither was precise. These actions thus commenced were tried together, and the auditor who heard and decided them then gave judgment for the plaintiff herein, after deducting such claim as the defendants established against him. The recovery of the former was for the sum of $223.88.

It must be conceded that the imprisonment of the plaintiff was, under the circumstances, and considered in reference to the result of the action, a hardship, but it was the fault of the remedy allowed. The defendants having resorted to it, or employed it, are free from responsibility for the consequences, unless actuated by malice, and unless there was a want of probable cause for the prosecution. These are indispensable elements of the plaintiff's case, and must be affirmatively shown. Proof of one and the absence of the other is not enough. They must concur. *Hall* v. *Suydam*, 46 Barb. 83; *Vanderbilt* v. *Mathis*, 5 Duer, 304; *Miller* v. *Milligan*, 48 Barb. 36; *Besson* v. *Southard*, 10 N. Y. 236; *McKown* v. *Hunter*, 30 id. 627.

The finding of the referee. on this subject is in favor of the defendants, and the evidence sustains the conclusions at which he has arrived. The testimony given discloses perhaps the prevalence of much feeling between the parties, but that they both believed in the validity of the claims urged there is no reason to doubt. The fact established by the conclusions of the auditor was that they were indebted to each other, and in giving judgment he deducted from the plaintiff's claim what he found due from him to the defendants. Their claim was not, therefore, wholly groundless, nor was it made up after the arrest of the defendant Yorston, for the evidence shows that it had been the subject of several interviews, as already mentioned, between the defendants and their attorney prior to the defendant Yorston's arrest, and was not changed in any respect when enforced or sought to be by action. The arrest, which was at the suggestion of the defendants' attorney, was not only not an extraordinary proceeding, but usual and customary, and the defendants have affirmed positively the absence of malicious motive or intent. The *bona fide* acts of a party on advice given by counsel after a full and fair statement of the facts are evidence of probable cause, however erroneous the opinion may be. *Hall* v. *Suydam*, *supra*. It may be that the rule stated as governing these actions is harsh.

It may be that it would have been better to have held a man to a

strict accountability who, upon a claim made, deprived his debtor of his liberty, if he failed to prove his demand good, but such has not been the view of courts, and it is too late now to change it.

The exceptions taken during the trial which were not argued or stated in the briefs submitted but yet relied on, have been examined and found untenable. The judgment must therefore be affirmed.

*Judgment affirmed.*