ROBERT DOLL *v.* MARCUS SCHOENBERG.

(No. 7,595.)

In actions for malicious prosecution, the question of probable cause is for the court to decide; the truth of the facts, upon which it is predicated, is for the jury to determine.

GENERAL TERM.—An action to recover damages for a malicious arrest and prosecution on a charge of arson.   On motion for a new trial and reserved to general term.

*Hassaurek & Elliott,* for plaintiff.

*P. J. Sullivan & W. Van Hamm,* for defendant.

STORER, J., delivered the opinion of the court.

Robert Doll *v.* Marcus Schoenberg.

This is an action for a malicious prosecution, charging that the plaintiff was arrested upon the defendant's affidavit alleging the crime of arson; that he was acquitted after trial; and that defendant had maliciously and without probable cause, instigated the complaint.

The answer is a general denial of the facts set forth in the petition, but no ground is stated on which the right to prosecute the plaintiff was based.

On the trial before judge Gholson, at special term, the court was asked to charge the jury, among other matters,—

1st. That they had the right to determine, whether the circumstances proved justified the defendant in procuring the plaintiff's arrest.

2d. That it was for the jury to say whether the defendant believed, or did not believe, at the time he caused the arrest, that the plaintiff set fire to his property, as his belief was material to the question of fact, whether there was probable cause or not.

3d. That probable cause did not exist.

These instructions the judge refused to give; but did charge that what was probable cause, whether it existed or not in each particular case, must be decided by the court, but the facts upon which the legal definition is to depend, if not admitted, must be found by the jury.

"The question is one," he said, "of law and fact, and the duties of courts and juries were well defined and clearly understood. While the court should not interfere with the functions of the jury, that tribunal ought to be confined to their peculiar office."

The counsel for the defendant pressed the court, it seems, with many questions, but they were substantially to obtain an answer to the proposition they appear to have assumed, that in some way or other, the jury had the right to decide what was or what was not probable cause.

At their request, the point has been reserved for our opinion, in general term.

The proposition is a very simple one, and to our apprehension, of easy solution.

When it is said that what is probable cause, is for the decision of the court, and the truth of the facts upon which it is predicated, for the jury, no new doctrine is asserted. It is but the utterance of what we read in every carefully digested and well reasoned legal adjudication upon the subject.

There is no doubt of what the rule is in England, 2 Adolph. and Ellis, N. S. 191, *Panton* v. *Williams,* which but affirms the law as laid down in Cro. Jac. 193, *Coxe* v. *Wirra,* and Cro. Eliz. 871, *Pain* v. *Rochester.* Indeed, the doctrine has become so undisputed there that he must be a bold man to question it. In the United States we find a series of decisions, asserting the same principle. 24 Pick. 85, *Stone* v. *Crocker;* 2 Wend. 424, *Masten* v. *Deyo;* 2 Washington C. C. S. 463, *Mun* v. *Dupont;* 1 Greenleaf, 135, *Ulmer* v. *Leland;* 20 Ohio, 119, *Ash* v. *Marlow.*

But it is said the last case is not decisive of the question ; that there are portions of the opinion of the court, susceptible of different constructions, and very well sustain the ground assumed by counsel, in claiming for the jury the prerogative of the judge.

We have often examined this reported case, and do not think when the opinion is regarded as a whole, and its several parts carefully collated, there is any ground for what we may term the introduction of the new doctrine, now asked to be recognized. The decision upon the main point is very clear, for the court say, "probable cause is a mixed question of law and fact; and if the facts are contested, the court must leave them to the jury, with instructions as to what is probable cause." This quotation certainly is in harmony with the rule as we everywhere find it, and although there are other passages of the decision, that do not in so direct terms affirm it, they are explicable upon the idea that they were intended to meet different phases of the argument made by counsel.

Robert Doll *v.* Marcus Schoenberg.

There may have been a want of directness in stating the precise rule; and when it was stated, too much verbiage used to explain it, perhaps thereby obscuring rather than more clearly illustrating the point to be determined. But a passing cloud ought not to hide the sun; when by rejecting the shadow we learn at last what is the *substance*.

We can not appreciate the difficulty, that counsel frequently seem to have met, in reconciling the doctrine to the spirit of the law which secures a trial by jury. It interferes with no such privilege, but, on the contrary, protects, regulates, and gives it all its true value.

It but affirms the legal axiom, that the jury have the exclusive judgment of the facts, proved, and the verity of the proofs themselves; but they are to receive from the court an exposition of the principle, by which their determinations are to be made. Thus is secured, and only thus can be secured, the independence and the usefulness of courts and juries.

And it is no novel doctrine, it applies to every case, when the rule for damages in torts is necessary to be stated; it measures the degree of care and diligence, in all fiduciary relations, and decides what is, and what is not negligence in the agent. It decides under the law *merchant*, what is due diligence, and what is not, to hold a collateral party to a contract or to discharge him. It determines what is and what is not a reasonable time within which agreements should be fulfilled, when the parties have fixed none themselves. It controls the duties of carriers, underwriters, and every class of professional men, holding them liable or not for the performance of their agreement, whether involving science or *skill*.

When we find the principle thus pervading every department of the law, where the action of the court is required in the trial of cases, we should not expect that a suit for a malicious prosecution should be an exception to the established rule.

There certainly is no reason why it should be so regarded,

and we find no respectable authority that will authorize us to make it.

Whenever personal rights are involved, the remedies for their vindication, and what is necessary to constitute a legal claim to a recovery, are within the exclusive control of the judge. He decides what is an assault, what is slander, and so of libel; and in all criminal prosecutions he alone defines what are the necessary elements to make the offense, from simple larceny to homicide. And yet we are asked to exclude the present case from the application of the admitted maxim:

*Ad questiones juris, judex dicit. Ad questiones facti, juratores dicunt.*

We find no error in the charge of the judge or any of his rulings, and direct that the case be remanded to the special term for judgment on the verdict.

Cause remanded for judgment on the verdict.