(28 App. Div. 457.)

HAMILTON v. DAVEY.

(Supreme Court, Appellate Division, Second Department. April 19, 1898.)

1. MALICIOUS PROSECUTION—EVIDENCE.
    In an action for malicious prosecution, four things must be shown, namely, the institution of the proceedings, a want of probable cause, malice, and the termination of the prosecution in favor of the plaintiff.

2. SAME—DISMISSAL.
    Upon appeal from a judgment dismissing the complaint in an action for malicious prosecution, in which the evidence both as to probable cause and as to malice was conflicting, held, that both questions should have been submitted to the jury.

Appeal from trial term, Orange county.

Action by Fred Hamilton against Frank H. Davey. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, and WOODWARD, JJ.

A. H. F. Seeger, for appellant.
Geo. H. Decker, for respondent.

GOODRICH, P. J. The complaint sets out a cause of action to recover damages for malicious prosecution. It also contains allegations which are usual in actions for false imprisonment, but the trial proceeded upon the theory that it was an action for malicious prosecution. It is well settled that four things must be shown in such an action: First, the institution of the proceedings; second, a want of probable cause; third, malice; fourth, the termination of the prosecution in favor of the plaintiff. The answer admits that the defendant entered a complaint before a justice of the peace, and that the justice issued a warrant, which was delivered to a constable, and that the plaintiff was arrested thereunder. It denies the other allegations of the complaint, and alleges that at various times between December 1, 1896, and January 26, 1897, there were feloniously stolen from him two dollars and upwards in money, and goods to the amount of two dollars and upwards in value, and that he had just cause to suspect the plaintiff to be guilty of such offense. It clearly appears by the evidence that the prosecution has terminated in favor of the defendant. This left two questions open for consideration,—probable cause and malice. At the close of all the evidence the court dismissed the complaint, and

from the judgment entered thereon, and the order denying a new trial, the plaintiff appeals.

The plaintiff contends that the affidavit upon which he was arrested was insufficient, in that it did not allege the facts constituting the offense so as to connect him therewith, but contained only the allegation that the defendant herein had "just cause to suspect and believe, and does suspect and believe, that Fred Hamilton * * * stole the same, and the said Frank H. Davey suspects and believes that the said Fred Hamilton is guilty of said offense." Although this affidavit was probably insufficient to justify the issuing of the warrant, I do not consider the question essential upon this appeal, except as it bears upon the question of want of probable cause. It becomes necessary to state somewhat carefully the facts as shown by the evidence. The defendant, who was a farmer, employed the plaintiff as a laborer, and the plaintiff lived with him during the times mentioned in the affidavit. It was not until the last day of his employment, January 29th, that the defendant charged the plaintiff with theft. At this time the plaintiff asked for the balance of his wages, when the defendant accused him of having stolen $1 at one time, 70 cents at another, and 40 cents at another; also, a necktie, a collar, and a pair of rubbers. The defendant paid the plaintiff's wages to January 15th, deducting the money and the value of the articles; and the plaintiff left the house, but returned the next morning with his mother, when the defendant paid him $3.50 more, and the plaintiff took his trunk away. There is testimony showing that a summons was served upon the defendant on the day the warrant was issued, and some hours previous thereto; but neither the name of the party plaintiff therein, nor the cause of action, appears in the record. As soon as this summons, whatever it was, had been served upon the defendant herein, he applied to the justice for a warrant for the arrest of the present plaintiff, and the warrant was issued, and given to a constable, who arrested the plaintiff; and while he was taking him to the office of the justice, in his wagon, he stopped at the post office, where he received a letter from the defendant, saying, "Let Mr. Hamilton's racket rest at present." The constable proceeded with the plaintiff to defendant's house, and the defendant told him to let the prisoner go. This arrest was on the 11th of February. On the 17th the plaintiff appeared before the justice, when the latter discharged him, there being no one present to prosecute him. The defendant, in order to show the circumstances out of which his suspicions of the plaintiff arose, offered evidence that he began to miss money on December 27th, and again a week later, and again, and upon a later occasion, a still further sum of money from a pocketbook in the drawer of a bureau in his own bedroom. He searched the plaintiff's trunk, and found in it the necktie and the collar, and saw the overshoes lying by the trunk in his bedroom. After the first money was missed he placed fragments of paper and the pocketbook containing the money in a drawer, in such a way that the drawer could not be opened, or the pocketbook taken from its place, without changing the condition of the paper. He admits that he set these as traps for the plaintiff, and he testified: "I did it to get just what I got,—evidence so that I could prove that

he stole these articles." The defendant, however, made no charge against the plaintiff, but continued him in his employment until January 29th. The plaintiff denied having stolen the money or the property. The evidence at the trial was of such a character as to raise a question of fact,—whether there was a want of probable cause, and whether the defendant was actuated by malice in obtaining a warrant against the plaintiff. It was held in the case of Besson v. Southard, 10 N. Y. 236, 240, that:

"What is meant by the expression that probable cause is a mixed question of law and fact, and when it is proper to submit it to the jury to pass upon, is correctly explained in Masten v. Deyo, 2 Wend. 424. If the facts which are adduced as proof of a want of probable cause are controverted, if conflicting testimony is to be weighed, or if the credibility of witnesses is to be passed upon, the question of probable cause should go to the jury, with proper instructions as to the law. But, where there is no dispute about facts, it is the duty of the court, on the trial, to apply the law to them."

In Heyne v. Blair, 62 N. Y. 19, 23, the court said:

"It is pre-eminently a question for the judgment of twelve men to determine what, upon a doubtful state of facts, or upon facts from which different men would draw different conclusions,—that is, upon facts capable of different inferences,—would be the belief and action of men of ordinary caution and prudence. Such is the rule in all questions of the like character, and there is no reason why this class of actions should form an exception to the rule. It is not the province of this court to pass upon the weight of evidence in the case before us, or determine whether, submitted to the jury with proper instructions, they should have found the want of probable cause."

Under these authorities, we think that the existence of probable cause, and the absence of malice, were not so clearly shown, or so conclusively established, as to render it proper for the court to pass upon them as matter of law, and that the case was one where the evidence should have been passed upon by the jury. There was at least a conflict of evidence whether the plaintiff had stolen the money, whether the defendant was justified in entertaining suspicion of him, and whether the circumstances justified such suspicion; and all these questions had a bearing upon the want of probable cause. There was also evidence bearing upon the question of malice. The defendant, after becoming suspicious of the plaintiff, retained him in his service for several weeks; meanwhile setting traps, as he admits, for the purpose of securing evidence of a theft to be thereafter committed, and for which he afforded opportunity to the plaintiff. He did not attempt to secure a warrant for the plaintiff's arrest until the service of a summons of some kind upon him. And these circumstances were so closely connected with the question of malice as to require a submission to the jury of the question as to the defendant's malice in procuring the plaintiff's arrest.

We think that the dismissal of the complaint was error, for which the judgment and order should be reversed. All concur.