## VOLUME 85.

AND

## New York State Reporter,

## VOLUME 119.

(89 App. Div. 104.)

### COLEMAN v. BOTSFORD.

(Supreme Court, Appellate Division, Third Department. December 3, 1903.)

1. MALICIOUS PROSECUTION—PROBABLE CAUSE.

 The fact that one brings an action on a valid claim, knowing that defendant has a valid counterclaim for a greater sum than the amount due plaintiff, does not make such action malicious, for want of probable cause.

2. SAME—RECOVERY—ABUSE OF PROCESS—ISSUES.

 A plaintiff suing in a justice's court knew that defendant had a greater claim against him, which she could set off. The action was adjourned by consent, and subsequently plaintiff discontinued. He then commenced another action, but did not appear, and the action was dismissed, and on the same day another action was commenced before the same justice. Subsequently the parties settled. In an action by defendant against the plaintiff for malicious prosecution, the jury were instructed that, in order to render a verdict for plaintiff in such action, they must find a want of probable cause; but they were not instructed to determine as to whether defendant in such action had been indebted to the plaintiff, and it was assumed throughout the charge that, in the settlement of the parties, credit had been given to plaintiff for his claim. *Held*, that a contention that a verdict in favor of plaintiff should be sustained on the ground that defendant had abused process by suing on a valid claim, and withdrawing the same before trial, was untenable, the jury not having passed on such question.

 Appeal from Trial Term.

 Action by Isabella Coleman against Llewellyn T. Botsford. From a judgment in favor of plaintiff, defendant appeals. Reversed.

 This is an action to recover damages for a malicious prosecution. The defendant, Botsford, had a small bill against the plaintiff, Coleman; but he knew that she had a larger bill against him, which she could set off against it. He knew that the balance was, beyond all doubt, in her favor. Never-

  85 N.Y.S.—1

theless he commenced an action against her before a justice of the peace
in the town of Potsdam, where he resided, on the 5th day of March, 1902.
She resided in the adjoining town of Canton, some nine miles from the
place where she was required to attend the trial. The action was adjourned
to March 21st by consent. Botsford, by attorney, asked for a further ad-
journment, which Mrs. Coleman denied. He thereupon discontinued, and
at once commenced another action, the summons returnable March 28th.
Mrs. Coleman then appeared, Botsford did not, and the action was dis-
missed. A third summons was on the same day procured from the same
justice, and served on Mrs. Coleman. It was returnable on Sunday, and
therefore she did not attend in response thereto. Mrs. Coleman thereupon
sued Botsford in the town of Canton, where she resided, and the action
was ultimately settled by the payment to her by Botsford of $14 and costs.
She thereupon brought this action for malicious prosecution, charging that
she suffered damage not only to the extent of the expenses incurred in
paying counsel and attending the court, but that she was also, by the
wrong and mental distress occasioned by being compelled to so attend,
made ill, nervous, and unable to work. It appeared that she was upwards
of 60 years old, nervous, and somewhat feeble, and was obliged to work
out as a domestic for her living. The action was tried before the court and
a jury, and a verdict rendered for the plaintiff of $300. From the judg-
ment entered thereon, and the order denying a new trial on the minutes,
this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHASE, and
CHESTER, JJ.

C. S. Ferris, for appellant.
Lawrence Russell, for respondent.

PARKER, P. J. When the evidence closed upon the trial of this
action, it appeared that the defendant, Botsford, at the time he com-
menced the action in justice's court, held against Mrs. Coleman a
valid claim of some $11.25 for medical services rendered her, and
upon which he had an undoubted right of action. It also appeared
that at the same time she held against Botsford a demand upon
which there was due from him to her some $14 in addition to his
said claim against her. And upon such claim she had an undoubted
right of action against him. And beyond all doubt, Botsford knew
the precise situation of these claims. I assume that it so appeared,
because it was practically conceded that subsequently, when the par-
ties settled at Canton, such claim of $11.25 was allowed to Botsford,
and the $14 which he then paid to her was the balance only remain-
ing due on her note after deducting the $11.25 therefrom. Under
such circumstances, I am of the opinion that an action brought by
Botsford upon his said demand cannot be deemed to have been in-
stituted without probable cause, even though he was aware that, if
he sued it, she could counterclaim her demand, and obtain a judg-
ment against him for the balance. The sole action which he prose-
cuted against her was to recover for that $11.25, and concededly he
had a right to recover it. There was no doubt or probability as to
his cause of action. It was a just and certain one, and, had the
action been continued to a judgment, it would have been so de-
termined and awarded to him. By prosecuting that action, he
makes no unjust claim against her. It is true that Mrs. Coleman
would set up her claim against him, and so judgment and execution
would go in her favor, instead of against her; but still he would by

the very judgment so rendered have recovered upon his claim, and so the action which he commenced would result in his favor to the full extent of the claim for which it was brought. It may be that a party is inspired by a malicious purpose in bringing an action, yet, if he bring it to recover upon a valid claim, it is not deemed a malicious prosecution. Both malice and a want of probable cause must unite to sustain such an action. Besson v. Southard, 10 N. Y. 236; Anderson v. How, 116 N. Y. 336, 338, 22 N. E. 695; 19 Am. & Eng. Ency. of Law (2d Ed.) p. 677. There may be valid reasons why a claim should be sued in a justice's court, even though one's opponent have a lawful demand as a counterclaim thereto. And a creditor's right to enforce such a demand will not be restricted, no matter how malicious may be the spirit that inspires the action. Thus in this case Botsford's claim was nearly outlawed. Mrs. Coleman's attorney claimed that it was entirely so, and it would be a rank injustice to compel him to abandon such claim, or else be charged with malicious prosecution for suing it.

The facts of this case being conceded to the extent above stated, the question of probable cause became one for the court, rather than for the jury (Besson v. Southard, 10 N. Y. 236); and upon the motion by the defendant for a nonsuit on the ground that the plaintiff had "failed to show a want of probable cause," and that "the evidence shows that this defendant did have a good cause of action," the complaint should have been dismissed.

Nor can this recovery be sustained upon the ground that the defendant has abused the process of the court to the plaintiff's injury, by suing upon a valid claim, but persistently withdrawing the same before trial. No such claim is set forth in the complaint, and no such theory is suggested to the jury. The jury were instructed that, in order to render a verdict for the plaintiff, they must find a "want of probable cause on the defendant's part to bring the action"; and their attention was called to the conceded fact that, in any event, a balance was due from Botsford to Mrs. Coleman. They were not instructed to determine whether she did or did not owe Botsford his bill of $11.25 for medical services. Throughout the whole charge it is assumed that, in their final settlement at Canton, credit was given to Botsford for such bill, and that the $14 then paid by him to her was in addition thereto. It is possibly true that Botsford and his attorney did intend to annoy this old lady by constant service of summons upon her until they could force her to settle as they wished, and the discontinuance of the actions the first and second times may have been deliberately brought about for that purpose; but, on the other hand, it may have occurred for the reasons which they claimed. It may have been unavoidable on their part. No such issue was sent to the jury, and none such has ever been passed upon by them. The recovery has been had solely upon the claim that, without any reasonable ground to apprehend a recovery, Botsford prosecuted the action in justice's court against Mrs. Coleman, and that he so prosecuted it maliciously. On this ground damages have been awarded against him. But in my judgment, the evidence did not warrant submitting such a question to the jury. Clearly it

does not sustain a claim that such were the facts, and hence I conclude that the judgment should be reversed.

This conclusion renders it unnecessary to discuss the further very interesting question which the appellant's counsel has presented, as to whether such an invasion of the plaintiff's person or property has been shown as is necessary to sustain this action, within the rule laid down in Paul v. Fargo, 84 App. Div. 9, 82 N. Y. Supp. 369.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event. All concur.